# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-05060-09-CR-SW-ODS |
| | ) | |
| JOSHUA A. McGINNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Joshua A. McGinnis has filed a Motion to Sever or, in the Alternative, Motion to Dismiss. Defendant contends because he was improperly joined with co-defendants, and that the matter should be dismissed. He further contends that because he was improperly joined, the continuances previously granted to co-defendants resulted in a speedy trial violation. The United States has filed a response, which details the evidence it expects to present at trial.

Because this case involves a mixture of both offenses and defendants, it is governed by 8(b) of the Federal Rule of Criminal Procedure. Joinder is proper if the offense is alleged to be part of "the same series of acts or transactions," to mean "acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy." *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989). The United States expects its evidence to include 56 intercepted telephone conversations obtained during the course of a Title III , directly involving the monitoring of Joshua McGinnis. These conversations involve obtaining controlled substances from a co-defendant for sale, that

indicates a knowledge of the role of his co-defendant and brother Joshua McGinnis, and could lead a jury to conclude that the defendant was aware of the existence of "a stash house." That stash house is the residence of another co-defendant.

For the reasons set out above, it is clear the defendants are properly joined. There is therefore a strong presumption for a joint trial. To the extent that there could be spillover from evidence involving co-defendants, that can be minimized by an instruction to the jury. *United States v. Kuenstler,* 325 F.3d 1024. Because of that, the mere fact of disparity in the extent of involvement does not require severance. It is also noteworthy that the number of telephone conversations involving this defendant is not significantly different than that of several other co-defendants. *See* response of the United States, page 18.

Defendant's asserts that because joinder was improper, time excluded from the Speedy Trial Act should not be applicable to him. First, that argument fails because the defendant was not improperly joined. In addition, two motions for continuance were granted (Docs. 138 and 158). In each of the orders, the court finds that the ends of justice are served by granting the continuance. Defendant Joshua McGinnis did not object to either motion for continuance, nor had he sought a severance. The granting of the motions for continuance did not violate the defendant's right to a speedy trial under the Speedy Trial Act.

Finally, defendant contends that the evidence of the United States demonstrates multiple conspiracies. The court notes initially that the issue of whether a single conspiracy or multiple conspiracies existed is a question for the jury. *United States v. Adipietro*, 983 F.2d 468, 1475 (8th Cir. 1993). Defendant's speculation that the evidence will establish multiple conspiracies is not a grounds for dismissal. He has remedies available to him at the trial stage.

For the above reasons, it is hereby

RECOMMENDED that the defendant's Motion to Sever or, in the Alternative, Motion to Dismiss be denied.

       /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: June 3, 2008